**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MAE HARGES, ) | |
| and PEOPLE OF THE STATE OF ILLINOIS ) | |
| ex rel. MAE HARGES, ) | |
| ) | 14-cv-5575 |
| Plaintiffs, ) | |
| ) | Honorable Judge John J. Tharp |
| vs. ) | Magistrate Judge Daniel G. Martin |
| ) | |
| NORTH AMERICAN CREDIT ) | |
| SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

**INTRODUCTION**

1. Plaintiffs Mae Harges and People of the State of Illinois ex rel. Mae Harges bring this action to secure redress from unlawful collection practices engaged in by defendant North American Credit Solutions, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and Illinois Collection Agency Act, 225 ILCS 425/1 et seq. ("ICAA").

**VENUE AND JURISDICTION**

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

3. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant does or transacts business within this District.

**PARTIES**

4. Plaintiff Mae Harges is an individual who resides in the Northern District of Illinois.

1

5. Defendant North American Credit Solutions, LLC is a limited liability company. Its principal office is at 645 Molly Lane, Suite 100B, Woodstock, Georgia 30189. It does business in Illinois. Its registered agent and office in Illinois is Incorp Services Inc., 901 S. 2nd Street, Suite 201, Springfield, IL 62704.

6. North American Credit Solutions, LLC, is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. North American Credit Solutions, LLC, is a debt collector as defined in the FDCPA.

8. North American Credit Solutions, LLC, is a collection agency as defined in the ICAA.

9. North American Credit Solutions, LLC, does not hold a license under the ICAA (Exhibit B).

10. North American Credit Solutions, LLC, does not hold a collection agency license in its home state of Georgia (which does not license collection agencies).

## FACTS

11. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes and not for business purposes.

12. On or about June 20, 2014, defendant sent plaintiff the letter attached as Exhibit A.

13. More than five years had elapsed since the last payment or activity on the account.

14. North American Credit Solutions, LLC, regularly seeks to collect credit card bills.

15. The statute of limitations on a credit card debt in Illinois is five years.

16. North American Credit Solutions, LLC, regularly attempts to collect debts on

which the statute of limitations has expired.

17. North American Credit Solutions, LLC, regularly sends letters in the form of Exhibit A on debts on which the statute of limitations has expired.

18. Exhibit A offers a "settlement," which implies that there is a legally enforceable obligation.

19. Exhibit A states that payment of the settlement amount will "cease all action on the aforementioned account".

20. Exhibit A states that "Should you choose not to accept this offer, we will proceed with any and all legal options available to collect the Current Total Balance."

## COUNT I – FDCPA

21. Plaintiff Mae Harges incorporates paragraphs 1-20.

22. Exhibit A implies that the alleged debt is legally enforceable by offering a settlement and using such terms as "cease all action" and "we will proceed with any and all legal options."

23. Nothing in Exhibit A disclosed that the debt was barred by the statute of limitations or not legally enforceable.

24. It is the policy and practice of North American Credit Solutions, LLC, to send letters seeking to collect time-barred debts that do not disclose that the debt is time-barred.

25. It is the policy and practice of North American Credit Solutions, LLC, to send letters offering "settlements" of time-barred debts that do not disclose that the debt is time-barred.

26. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

27. In early 2012, the FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

28. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

29. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that "settlement offers" that fail to disclose material information may be misleading.

30. On January 30, 2013, the FTC issued its report, *The Structure and Practices of the Debt Buying Industry*, available at http://www.ftc.gov/os/2013/01/ debtbuyingreport.pdf. The report reaffirms its position in the *United States of America v. Asset Acceptance, LLC*, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), *American Express Centurion Bank* (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), *American Express Bank, FSB* (2012-CFPB-0003) and *American Express Travel Company, Inc.* (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

31. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, *Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?*, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

32. North American Credit Solutions engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending consumers letters in the form represented by <u>Exhibit A</u> on time-barred debts without disclosure of that fact.

33. Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)    The false representation of--**
>
> **(A)    the character, amount, or legal status of any debt; . . .**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

34. Section 1692f provides:

> **§ 1692f.    Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)    Statutory damages;

(2)    Actual damages, including all amounts paid on time-barred debts;

      (3)      Attorney's fees, litigation expenses and costs of suit;

      (4)      Such other and further relief as the Court deems proper.

## COUNT II – ICAA

35.    Plaintiff People of the State of Illinois ex rel. Mae Harges incorporates paragraphs 1-20.

36.    The ICAA creates a licensing regime. Section 4 of the ICAA, 225 ILCS 425/4, provides:

> **Sec. 4. No collection agency shall operate in this State, directly or indirectly engage in the business of collecting, solicit claims for others, have a sales office, a client, or solicit a client in this State, exercise the right to collect, or receive payment for another of any account, bill or other indebtedness, without registering under this Act except that no collection agency shall be required to be licensed or maintain an established business address in this State if the agency's activities in this State are limited to collecting debts from debtors located in this State by means of interstate communication, including telephone, mail, or facsimile transmission from the agency's location in another state provided they are licensed in that state and these same privileges are permitted in that licensed state to agencies licensed in Illinois.**

37.    The licensing requirements of the ICAA were imposed to protect the public. The public policy represented by the ICAA is stated in §1a, 225 ILCS 425/1a:

> **Declaration of public policy**
>
> **Sec. 1a. The practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes.**
>
> **It is further declared to be the public policy of this State to protect consumers against debt collection abuse.**

38.    Sections 14 and 14b of the ICAA, 225 ILCS 425/14 and 14b, make it a crime to engage in the business of a collection agency without a license.

39.    Section 14a, 225 ILCS 425/14a, provides:

> **Sec. 14a. The practice as a collection agency by any entity not holding a valid**

**and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

40. Defendant regularly duns Illinois consumers for the purpose of collecting consumer debts allegedly owed to others.

41. The debts collected by defendant, including that claimed from plaintiff Mae Harges, are incurred for personal, family or household purposes, and not for business purposes.

WHEREFORE, plaintiff requests that the Court grant the following relief against defendant:

(1) An injunction prohibiting further collection activity by defendant against Illinois residents.

(2) Attorney's fees, litigation expenses and costs.

(3) Such other and further relief as is appropriate.

                                                   s/ Daniel A. Edelman
                                                   Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs

7

James O. Latturner
Rebecca A. Cohen
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                                     s/ Daniel A. Edelman
                                                                    Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **DOCUMENT PRESERVATION DEMAND**

      Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

                                                  s/ Daniel A. Edelman
                                                  Daniel A. Edelman